***********
The Full Commission reviewed the prior Order and Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Order and Opinion and Award of the Deputy Commissioner, with certain modifications. *Page 2 
 ***********
The following were marked and received into evidence by the Deputy Commissioner as:
 EXHIBITS
1. Plaintiff's Exhibit No. 1 — Medical records, IC forms, motions and orders, and copies of TTD stubs.
2. Plaintiff's Exhibit No. 2 — Interrogatories.
3. Defendant O2HR Exhibit No. 1 — O2HR proposed pre-trial agreement.
4. Defendant O2HR Exhibit No. 2 — Original organization documents.
5. Defendant O2HR Exhibit No. 3 — Asset purchase agreement.
6. Defendant O2HR Exhibit No. 4 — List of current clients.
7. Defendant O2HR Exhibit No. 5 — Certificate of insurance.
8. Defendant O2HR Exhibit No. 6 — Certificate of liability.
9. Defendant O2HR Exhibit No. 7 — Certificate of insurance.
10. Defendant O2HR Exhibit No. 8 — DOI records.
11. Defendant O2HR Exhibit No. 9 — Notice of Michigan lawsuit.
12. State's Exhibit No. 1 — NCIC coverage screen for SpectrumHR, LLC.
13. State's Exhibit No. 2 — ESC records for SpectrumHR, LLC.
14. State's Exhibit No. 3 — ESC records for O2HR, LLC.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 62 years old and worked as a long distance truck driver for Defendant J. Bentley Companies, Inc. ("J. Bentley Companies"), a Tennessee corporation, from as early as *Page 3 
December 2003. On June 18, 2003, Plaintiff's truck stalled coming out of a West Virginia toll booth and he pulled over to the shoulder of the road. When Plaintiff raised the hood of the truck to check for a problem, a gust of wind caught the hood and caused it to fall on Plaintiff injuring his neck and shoulder.
2. J. Bentley Companies, Inc., had three drivers, including Plaintiff, operating and being dispatched out of North Carolina at the time of Plaintiff's June 18, 2003 injury. The injury by accident was accepted as compensable on a Form 60 filed August 10, 2004. The Form 60 listed SpectrumHR, LLC ("SpectrumHR"), as the employer and Realm Insurance as the carrier. Plaintiff received his paychecks from SpectrumHR.
3. J. Bentley Companies paid SpectrumHR, which is a professional employer organization based in Troy, Michigan, to provide its human resource services including payroll, health insurance, and workers' compensation insurance. J. Bentley Companies dispatched Plaintiff and other employees in its trucks and SpectrumHR provided the employees with their benefits and pay. Therefore, SpectrumHR and J. Bentley Companies were joint employers.
4. SpectrumHR filed quarterly reports with the North Carolina Employment Security Commission showing it had three or more employees in North Carolina from July 1, 2003 through September 30, 2005. J. Bentley Companies and SpectrumHR were subject to the North Carolina Workers' Compensation Act.
5. SpectrumHR did not have workers' compensation insurance in North Carolina from at least February 2, 2003 through May 2, 2004, despite having three truck drivers in North Carolina and/or reporting three or more employees to the North Carolina Employment Security Commission and despite listing Realm Insurance as the carrier on the Form 60.
6. Bert Danzig, owner, president, and CEO of SpectrumHR signed an Asset Purchase *Page 4 
Agreement between O2HR, LLC ("O2HR"), Central Leasing Management, Inc., and SpectrumHR on May 31, 2005. One of the potential obligations that O2HR would assume under the terms of the Asset Purchase Agreement was liability for SpectrumHR's workers' compensation claims.
7. At the close of the evidence before the Deputy Commissioner, O2HR moved to be dismissed as Defendants in I.C. No. 420240 and PH-1559. A Motion to Bifurcate was also made by O2HR, requesting a ruling on the Motion to Dismiss prior to the taking of additional evidence in support of Plaintiff's claim for benefits. The Motion to Bifurcate was granted at the hearing before the Deputy Commissioner. In a March 25, 2008 Order, the Deputy Commissioner dismissed Defendants O2HR, Jeffrey Williams, Individually, Daniel Offerman, Individually, William Blackwell, Individually, Todd Hammond, Individually, and Kim Lilly, Individually, from I.C. No. 420240 and PH-1559.
8. Plaintiff's Form 44 and Brief to the Full Commission assign error primarily to the dismissal of O2HR and related individual plaintiffs in the March 25, 2008 Order.
9. Plaintiff contends that based on the Asset Purchase Agreement, which by its terms is governed by Illinois law, O2HR was to assume liability for the outstanding workers' compensation claims of SpectrumHR that were not covered by insurance or state funds.
10. As a result of Plaintiff's admittedly compensable June 18, 2003 injury, Plaintiff underwent a C5 corpectomy and C4-5/C5-6 foraminotomies on August 12, 2004, and did not return to work until August 29, 2005. Defendants J. Bentley Companies and SpectrumHR used Barker Claims Services to manage Plaintiff's claim. Temporary total disability benefits of $412.88 per week were paid erratically. SpectrumHR paid Plaintiff $6,358.35 on November 10, 2004, for temporary total disability from August 9, 2004 to November 14, 2004, plus a 10% late penalty. *Page 5 
SpectrumHR continued temporary total disability payments through May 2, 2005. O2HR voluntarily took over payments through July 11, 2005, in anticipation of closing on the Asset Purchase Agreement. Plaintiff's final payment of temporary total disability for the period up until August 29, 2005, came in the form of a single check from Cooke, Stevens Co., a Louisville, Kentucky law firm representing O2HR. At some point, SpectrumHR cancelled Plaintiff's health insurance leaving him with no coverage.
11. The closing on the Asset Purchase Agreement between SpectrumHR and O2HR was contingent on several factors. After certain required legal and financial documents were not obtained, and the actual liabilities of SpectrumHR were discovered, the closing did not take place and O2HR cancelled the Asset Purchase Agreement in or about September 2005 and advised SpectrumHR that O2HR would not be able to satisfy the obligations it had intended to assume.
12. Plaintiff contends that O2HR should remain liable for his claim because it began paying him compensation in place of SpectrumHR. Plaintiff contends (1) that O2HR ratified the contract with SpectrumHR under Illinois law and (2) that O2HR should be estopped from withdrawing from the claim because SpectrumHR and O2HR's delay in divulging the lack of insurance coverage prevented Plaintiff from filing a timely claim in Tennessee against Realm Insurance.
13. With regard to Plaintiff's claim, O2HR, which became organized as a limited liability company in Illinois on April 20, 2005, was not subject to the North Carolina Workers' Compensation Act on June 18, 2003.
14. There was no employment relationship between Plaintiff and O2HR on June 18, 2003, or at anytime thereafter. *Page 6 
15. O2HR provided certificates of insurance to show compliance with N.C. Gen. Stat. § 97-93 for employees it does have in North Carolina.
16. Defendants J. Bentley Companies and its owner Joe Stapleton and SpectrumHR and its owner Bert Danzig were served with notice of the hearings before the Deputy Commissioner in this matter by certified mail return receipt requested and failed to appear. These Defendants were also sent notice of Plaintiff's appeal to the Full Commission and did not file a Brief or otherwise participate or make an appearance before the Full Commission.
17. Plaintiff testified that he continued to have problems and was taken back out of work by his doctor in December 2005 or January 2006. However, no medical records after August 31, 2005, were offered into evidence. The August 31, 2005 note by Dr. Birkedal indicates Plaintiff may return to his trucking operations and should avoid forward bending and twisting and should not lift greater than 30 pounds on a regular basis. The August 31, 2005 note also stated that Plaintiff was to return in 12 months for repeat cervical spine x-rays.
18. Plaintiff returned to work in February or March 2006 driving about 2,500 miles a week. He did not unload the trucks, but he did have to hook up the trailers, which was the hardest part of the job for him.
19. There is no evidence of record of the amount, if any, of Plaintiff's unpaid medical bills.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following: *Page 7 
 CONCLUSIONS OF LAW
1. On June 18, 2003, Plaintiff sustained a compensable injury to his neck and shoulder when he raised the hood of his truck to check for a problem and a gust of wind caught the hood causing it to fall on him. N.C. Gen. Stat. § 97-2.
2. An employment relationship existed between Plaintiff and Defendants J. Bentley Companies and SpectrumHR at the time of Plaintiff's June 18, 2003 injury and the parties are subject to the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
3. Defendants J. Bentley Companies and SpectrumHR were joint employers and are jointly and severally liable for any outstanding medical or other compensation due and owing to Plaintiff. N.C. Gen. Stat. § 97-51.
4. N.C. Gen. Stat. § 97-6 bars any attempt by SpectrumHR to relieve itself of any obligation it had as an employer under the North Carolina Workers' Compensation Act by its contract with O2HR. To the extent the Asset Purchase Agreement purported to transfer workers' compensation liabilities, it was void ab initio as a matter of law and public policy. SpectrumHR and J. Bentley Companies remain liable for Plaintiff's workers' compensation claim. See Goodson v. P.H. Glatfelter,171 N.C. App. 596, 615 S.E.2d 350; disc. review denied, 360 N.C. 63,623 S.E.2d 582 (2005).
5. Defendants O2HR, Jeffrey Williams, Individually, Daniel Offerman, Individually, William Blackwell, Individually, Todd Hammond, Individually, and Kim Lilly, Individually, should be dismissed as Defendants from both I.C. No. 420240 and PH-1559.
6. Plaintiff's average weekly wage on the date of injury was $617.54, yielding a compensation rate of $412.88. N.C. Gen. Stat. § 97-2(5). *Page 8 
7. Plaintiff received temporary total disability benefits through August 29, 2005, when he returned to work and Plaintiff is entitled to have Defendants pay him temporary total disability benefits for the period of time he has been out of work due to his compensable injury from December 2005 or January 2006 until further Order of the Commission when the exact period of time is established by competent evidence or by agreement of the parties. N.C. Gen. Stat. § 97-29.
8. Plaintiff is entitled to have Defendants pay for all medical treatment related to his June 18, 2003 injury to his neck and shoulder for so long as such treatments may reasonably be required to effect a cure, give relief, or lessen the period of disability when bills for the same have been submitted and approved by the Industrial Commission. N.C. Gen. Stat. § 97-25.
9. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) per each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect and until the same ceases. N.C. Gen. Stat. § 97-94(b).
10. Anyone with the ability and authority to bring a business into compliance with N.C. Gen. Stat. § 97-93 who fails to do so, may be assessed a penalty equal to 100% of the amount of compensation due its employees injured during the time the business failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
11. Defendant SpectrumHR failed to comply with N.C. Gen. Stat. § 97-93
and is subject to penalties pursuant to N.C. Gen. Stat. § 97-94. SpectrumHR had three or more employees and did not have workers' compensation insurance as required by N.C. Gen. Stat. § 97-93 from at least February 2, 2003 through May 2, 2004, which amounts to 455 days. *Page 9 
12. Defendant Bert Danzig as owner and member of Defendant SpectrumHR had the ability and authority to bring his business into compliance with the Act.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants O2HR, Jeffrey Williams, Individually, Daniel Offerman, Individually, William Blackwell, Individually, Todd Hammond, Individually, and Kim Lilly, Individually, are hereby DISMISSED WITH PREJUDICE as Defendants from both I.C. No. 420240 and PH-1559.
2. Defendants J. Bentley Companies and SpectrumHR shall pay Plaintiff temporary total disability benefits for the period of time he has been out of work due to his compensable injury from December 2005 or January 2006 until further Order of the Commission when the exact period of time is established by competent evidence or by agreement of the parties, subject to an attorney's fee set out below.
3. Plaintiff's counsel is entitled to an attorney's fee of 25% of the benefits awarded to Plaintiff in paragraph 2 of this Opinion and Award.
4. Defendants J. Bentley Companies and SpectrumHR shall pay for all medical expenses reasonably related to Plaintiff's compensable injury that were incurred or will be incurred to lessen the period of disability, effect a cure, or give relief when bills for the same have been submitted and approved by the Industrial Commission.
5. The healthcare providers with outstanding bills in this mattershall not seek to obtain collection of these bills from Dean Maines. The healthcare providers shall direct their *Page 10 
collection efforts at Defendant-Employer J. Bentley Companies, Inc. c/o Joe Stapleton whose address appears to be 650 Oakland Road, Sweetwater, Tennessee 37874 and Defendant-Employer SpectrumHR, LLC c/o Bert Danzig whose address appears to be 550 Stephenson Highway, #203, Troy, Michigan 48083 based upon information in the Industrial Commission file. Failure to comply with this Order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this order.
6. Pursuant to N.C. Gen. Stat. § 97-94(b), a civil penalty in the amount of $50.00 per day is hereby assessed against SpectrumHR, LLC, for failure to maintain workers' compensation coverage on its employees from February 2, 2003 through May 2, 2004, which amounts to 455 days or $22,750.00. SpectrumHR shall make a check payable to the North Carolina Industrial Commission in the amount of $22,750.00 and send it to Assistant Attorney General Tracy C. Curtner at the North Carolina Industrial Commission Fraud Section.
7. As there is insufficient evidence of the amount of disability benefits due and owing to Plaintiff and no evidence of the amount of unpaid medical bills, the issue of a penalty to be assessed against Defendant Bert Danzig, individually, is reserved. N.C. Gen. Stat. § 97-94(d).
8. This case is hereby referred to the Fraud Section of the Industrial Commission for investigation of J. Bentley Companies, Inc., Joe Stapleton, SpectrumHR, LLC, and Bert Danzig.
9. Defendants J. Bentley Companies and SpectrumHR shall pay the costs.
This the 20th day of March 2009.
S/___________________ PAMELA T. YOUNG CHAIR *Page 11 
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER